#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

VONNAH LEE LAHUE and ROBERT ASAH LAHUE,

     Plaintiffs,

     v.

DIANE K. SMITH., *et al.*,
     Defendants.

Case No. 23-2141-HLT-ADM

### REPORT AND RECOMMENDATION

On March 29, 2023, pro se plaintiffs Vonnah Lee LaHue and Robert Asah LaHue ("plaintiffs") filed this case purporting to assert multiple claims against multiple defendants, including Steven Anderson at Sage Law, the lawyer who administered their father's estate and their grandmother's estate through probate; Matthias Smith, the executor of the estate; Diane Smith, their father's former wife; and Judge Charles Droege, a probate judge in Johnson County District Court. At the same time, plaintiffs filed a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which was granted, but the court withheld service of the summons and complaint pending the court's screening of the complaint. (ECF 3, 7.) On March 31, plaintiffs filed a "supplement" to their complaint asking that Nicholas F. Smith be added to the list of defendants and that the additional documents attached be added, presumably in support of plaintiffs' complaint. (ECF 5.) On April 4, plaintiffs filed an amended complaint that alleges claims against defendants Diane K. Smith and Nicholas F. Smith and appears to also allege fraudulent acts by Steven Anderson and Matthias Smith. (ECF 8.)[1] For the reasons explained

---

[1] The Clerk's Office notified plaintiff Vonnah LaHue that plaintiffs' amended complaint listed only these two defendants and gave plaintiffs the opportunity to submit another document

below, the court recommends that the district judge dismiss this case because (1) plaintiffs have failed to establish that the court has subject matter jurisdiction; and (2) the amended complaint does not state a claim on which relief may be granted.

## I. BACKGROUND

Plaintiffs' original complaint alleged that Steven Anderson at Sage Law, the lawyer who was administering their father's estate and their grandmother's estate through probate, and Matthias Smith, the executor of the estate, committed fraud because they intentionally and willfully omitted plaintiffs as known or reasonably ascertainable legatees even though they knew (via a writing from their half-sister Rebekah Roberts) that plaintiffs were heirs who should not be omitted. Plaintiffs also alleged that their father's wife, Diane Smith, perjured herself and committed fraud when she confirmed that all heirs were accounted for. They further asserted a claim against Johnson County Judge Charles Droege, who "pushed through [the probate proceedings] in 1 day" and denied their "motion to object" on February 2, 2022. (ECF 1.)

On April 4, plaintiffs filed an amended complaint using a form "Complaint for a Civil Case Alleging Negligence" under 28 U.S.C. § 1332 and attaching their self-prepared "Petition Claiming Fraud" for each of Diane K. Smith and Nicholas F. Smith and a self-prepared "Petition for Negligence" against Nicholas Smith. The amended complaint does not contain any allegations against Judge Droege. It does contain some allegations referencing Steven Anderson and Matthias Smith's alleged intentional acts of "bringing fraud on the court claiming there were no other possible heirs" and "intentionally and willfully omitting 2 known heirs" in probate petitions filed in Johnson County and Franklin County, Kansas. (*See, e.g.*, ECF 8, at 11-13, 15-16.) Thus, for

---

listing all of the defendants previously named in the complaint and supplement, but plaintiffs have not done so.

purposes of the court's screening here, the court will consider the defendants to be Diane K. Smith, Nicholas F. Smith, Steven Anderson, and Matthias Smith.

## II. PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts."). A federal court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006), and must dismiss the action at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because federal courts' jurisdiction is limited, "there is a presumption against . . . jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

The two statutory bases for federal subject-matter jurisdiction are (1) federal-question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. For a federal court to have federal-question jurisdiction, the action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a case to arise under federal law within the meaning of § 1331, the plaintiff's "well-pleaded complaint" must establish one of two things: "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1022.

Plaintiffs bear the burden of showing that jurisdiction is proper and must demonstrate that the case should not be dismissed. *Sigg v. District Court of Allen Cnty., Kan.*, No. 06-2436-KHV, 2007 WL 913926, at *1 (D. Kan. Mar. 23, 2007). "Conclusory allegations of jurisdiction are not enough." *Id.* Because plaintiffs proceed pro se, their pleadings must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court, however, does not "assume the role of advocate for the pro se litigant." *Id.* Liberally construing pro se filings does not mean supplying additional factual allegations or constructing a legal theory on the party's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, plaintiffs' amended complaint does not allege facts invoking diversity jurisdiction. For a federal court to have diversity jurisdiction, the plaintiff must show the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). That means plaintiffs here must allege that they and the defendants are "citizens of different States" to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1); *see also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state . . . ."). Plaintiffs' amended complaint is on a form titled "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)." (ECF 8, at 1.) It alleges plaintiffs Vonnah LaHue and Robert Asah LaHue are citizens of the State of Kansas and defendant Diane K. Smith is a citizen of the State of Kansas. (ECF 8, at 2-3.)[2] This does not establish complete diversity because

---

[2] The amended complaint does not allege the citizenship of any other defendants. Prior filings in this case, however, indicate each has an address in Kansas. (ECF 1, at 2-3; ECF 5, at 3.)

4

plaintiffs and at least one defendant are citizens of the same state. Thus, plaintiffs have not established that the court has subject matter jurisdiction based on diversity.

Plaintiffs' amended complaint also does not establish subject matter jurisdiction on the basis of a federal question. The complaint is directed to Kansas state law claims (fraud and negligence), and the facts pleaded in the amended complaint sound in state law tort allegations. For example, the amended complaint asserts that defendants intentionally misrepresented material facts and committed fraud when they claimed there were no other possible heirs to their father's and grandmother's estates in documents filed with the probate courts in Johnson County and Franklin County, Kansas. (*See, e.g.*, ECF 8, at 11-13, 15-16.) Although the amended complaint cites three federal criminal statutes—18 U.S.C. §§ 242, 1001, and 1341—it does not establish that these three criminal statutes create any cause of action that plaintiffs may pursue or that plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. (*See* ECF 8, at 9-10, 13-14.)

The court therefore recommends that the district judge dismiss plaintiffs' amended complaint for lack of subject matter jurisdiction.

### III. PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

Even if the district court determines it has subject matter jurisdiction over this action due to plaintiffs' bare citation to these three federal criminal statutes, the court recommends dismissal of plaintiffs' amended complaint because the complaint fails to state a claim under any of the three criminal statutes. Title 28 U.S.C. § 1915(e)(2)(B)(ii) directs the court to dismiss an action that fails to state a claim on which relief may be granted. Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

First, the criminal statutes plaintiffs cite—18 U.S.C. § 242 (deprivation of rights under color of law), 18 U.S.C. § 1001 (fraud on the court), and 18 U.S.C. § 1341 (mail fraud)—do not give rise to a private right of action under any facts alleged here. The United States Supreme Court has held that "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)); *see also ManorCare of Easton PA LLC v. Estate of Nagy*, No. 13-5957, 2017 WL 4347624, at *4 (E.D. Pa. Sept. 29, 2017) ("Title 18 of the United States Code is a federal criminal statute which does not create civil liability or a private right of action. Generally, a private party may not maintain suit under most provisions of Title 18. In the criminal context, the Supreme Court has refused to imply a private right of action in a bare criminal statute." (internal citations and quotations omitted)). As such, the Tenth Circuit has affirmed district court dismissals of claims under Title 18 on the grounds that the criminal statutes do not provide for a

private right of action. *Allen v. Adams*, No. 21-3208, 2022 WL 680336, at *3 (10th Cir. Mar. 8, 2022) ("Allen attempts to assert a claim under 18 U.S.C. § 1028, which criminalizes fraudulent and other activities relating to identification documents. As this statute does not provide a private right of action, the district court correctly dismissed Allen's claim under the United States Criminal Code."); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("[D]ismissal of Mr. Andrews's claims in his second and third complaints alleging violations of 18 U.S.C. §§ 241, 371, 1001, 1341, and 1503, and 26 U.S.C. § 7214(a)(1), (2), (7), and (8), was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action."); *see also Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (affirming dismissal of claims under 18 U.S.C. §§ 241, 242, 245 for failure to state a claim because "criminal statutes generally do not create private causes of action"); *Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (holding 18 U.S.C. § 1001 does not create a private cause of action).

Second, plaintiffs' amended complaint does not allege facts supporting claims under these three criminal statutes. Title 18 § 242 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. Plaintiffs' amended complaint, however, does not identify what constitutional or statutory right or privilege plaintiffs were denied. Title 18 § 1001 makes it a crime for a person to knowingly and willfully falsify, conceal, or cover up, or make materially false, fictitious, or fraudulent statements in a matter within the jurisdiction of the executive, legislative, or judicial branch of the federal government. Plaintiffs' amended complaint alleges materially false and fraudulent statements made in a matter in *state* court (two Kansas probate courts), but not in a branch of the *federal* government. And 18 U.S.C. § 1341 prohibits mail fraud, which is defined

7

as the use of the U.S. Postal Service in any criminal attempt to gain money or things of value. But the amended complaint does not contain any facts that would support a violation of this statute, as plaintiffs do not allege any use of the U.S. Postal Service. Therefore, any purported claims asserted pursuant to these statutes should be dismissed for failure to state a claim.

In short, the court cannot construe plaintiffs' complaint in any way to assert a federal claim upon which relief may be granted against the defendants, and granting plaintiffs leave to amend would be futile. The court therefore recommends that the district judge dismiss any purported claims under the federal criminal statutes from plaintiffs' complaint. With the dismissal of all purported claims over which the court has original jurisdiction, this court recommends the district judge decline to exercise supplemental jurisdiction over the asserted state law claims. 28 U.S.C. § 1367(c)(3).

## IV.    CONCLUSION

For the reasons explained above, plaintiffs have not established the court has subject matter jurisdiction on the basis of diversity or federal question. The court therefore recommends that the district judge dismiss this case because the court lacks subject matter jurisdiction. Even if the district court determines it has subject matter jurisdiction over this action due to plaintiffs' bare citation to three federal criminal statutes, the court recommends that the district judge dismiss plaintiffs' amended complaint because the complaint fails to state a claim under any of the cited criminal statutes and because the court should decline to exercise supplemental jurisdiction over the state law claims.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), plaintiffs may file specific written objections to this report and recommendation within fourteen

days after being served with a copy. If they fail to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court. *See In re Key Energy Res. Inc*., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiffs' complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to plaintiffs via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated August 22, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
