## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **VONNAH LEE LAHUE, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:23-cv-02141-HLT-ADM** |
| **DIANE K. SMITH, et al.,** | |
| **Defendants.** | |

## <u>ORDER</u>

Plaintiffs Vonnah Lee LaHue and Robert Asah LaHue filed this case pro se.[1] Defendants are individuals involved in a probate matter for relatives of Plaintiffs. The amended complaint generally asserts that Defendant Diane Smith, through an attorney, initiated probate matters that excluded Plaintiffs as heirs and otherwise committed fraud associated with those probate proceedings. Doc. 8 at 4. The causes of action identified include several state claims and some federal criminal statutes. *Id.* at 9-10; *see also* Doc. 9 at 2-3 (detailing pleading history, allegations, and potential parties).

The Magistrate Judge issued a Report and Recommendation ("R&R") on August 22, 2023, recommending that the case be dismissed. Doc. 9. The R&R states that the amended complaint does not include allegations that support a finding of diversity jurisdiction because the one defendant whose citizenship is identified is not diverse from Plaintiffs. *Id.* at 4-5. The R&R also states that federal-question jurisdiction has not been established because the amended complaint primarily asserts state-law claims. *Id.* at 5. And to the extent Plaintiffs cite federal criminal statutes,

---

[1]  Because Plaintiffs proceed pro se, their pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

there is nothing to suggest that those statutes permit Plaintiffs to assert private causes of action. *Id.* The Magistrate Judge therefore recommended dismissal for lack of subject-matter jurisdiction. *Id.* The R&R also explained that the amended complaint did not contain sufficient facts to state a claim under any of the federal statutes cited to the extent such claims could be asserted by Plaintiffs. *Id.* at 6-8. The Magistrate Judge therefore recommended dismissal of any federal claims, and that the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims. *Id.* at 8. Finally, Plaintiffs were cautioned that they must file written objections to the R&R within 14 days if they wanted to have appellate review of the recommended disposition. *Id.* at 8-9.[2] That time has passed, and Plaintiffs have not filed any objections or taken any other action in this case.

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections, and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Because Plaintiffs have not filed written objections to the R&R, they have waived the right to de novo review. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). If no specific objections are timely made, the district judge may review the R&R under any standard she deems appropriate. *Price v. Kansas*, 2016 WL 4500910, at *1 (D. Kan. 2016).

Although Plaintiffs did not object, the undersigned has reviewed the amended complaint and the R&R with a de novo review. The amended complaint does not state any valid basis for federal subject-matter jurisdiction. Although diversity jurisdiction is invoked, the only identified defendant is listed as a resident of Kansas, as are Plaintiffs. Doc. 8 at 1-2. Further, the only federal statutes cited are criminal statutes, and it is not clear how Plaintiffs could assert federal-question

---

[2]    A certified mail receipt confirms that Plaintiff Robert LaHue received the R&R on August 28. Doc. 10.

jurisdiction based on those statutes because those statutes do not allow for private causes of action. Even to the extent Plaintiffs could assert claims under those statutes, the undersigned agrees with the Magistrate Judge that the amended complaint fails to state any plausible claim under those provisions. *See* Doc. 9 at 7-8. The undersigned therefore agrees with the recommendation that the case be dismissed.

THE COURT THEREFORE ORDERS that the Report & Recommendation (Doc. 9) is ADOPTED as the order of the Court.

THE COURT FURTHER ORDERS that Plaintiffs' case is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction and failure to state a claim. This case is closed.

IT IS SO ORDERED.

Dated: September 13, 2023                    /s/ *Holly L. Teeter*
                                             HOLLY L. TEETER
                                             UNITED STATES DISTRICT JUDGE